**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRESHA GEORGE, INDIVIDUALLY** | § | |
| **AND AS A/N/F OF D.G. AND D.G.** | § | |
| **Plaintiffs,** | § | |
| | § | |
| | § | |
| **v.** | § | **NO.: _____-CV-_____** |
| | § | |
| **GREG ABBOTT AND KEN PAXTON,** | § | |
| **Defendants.** | § | |

<u>**PLAINTIFFS' ORIGINAL COMPLAINT, REQUEST FOR DECLARATORY JUDGMENT**</u>
<u>**AND REQUEST FOR TRO AND INJUNCTION**</u>

**TO THE HONORABLE JUDGE:**

Comes now the Plaintiffs, Darresha George, individually and  a/n/f of Plaintiff, D.G. and Plaintiff, D.G. ("Plaintiffs'), represented by Allie Booker, files this Plaintiffs' Original Complaint, along with a request for a declaratory judgment and request for temporary restraining order and injunction.

Plaintiffs would show unto the Court the following:

## A.  INTRODUCTION

1.  Plaintiffs bring a race discrimination disparate impact action pursuant to Title VI of the Civil Rights Act of 1964 and THE CROWN ACT (of Texas) as to both Defendants.

2.  Plaintiffs bring a sex discrimination action pursuant to the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT (of Texas) as to both Defendants.

3.  Plaintiffs bring a Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution as to both Defendants.

4.  Plaintiffs bring a Due Process Violation under the 14th Amendment of the United States Constitution as to both Defendants.

5.  Plaintiffs bring a breach of fiduciary duty state claim to both Defendants.

6.  Plaintiffs bring an intentional infliction of emotional distress claim as to both Defendants.

1

7.  Plaintiffs bring a federal failure to intervene/ bystander liability claim as to both Defendants for standing idly by and refusing to use their executive and police powers to enforce the CROWN ACT law against the peace and dignity of Title VI of the Civil Rights Act of 1964, the 14th Amendment Equal Protection Clause, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, 1st Amendment Freedom of Speech/Freedom of Expression, and Due Process under the 14th Amendment.

8.  Plaintiffs, Darresha George individually, and as next friend of Darry George and Plaintiff, D.G. bring this action due to a grooming and dress policy that has been illegally imposed against him (D.G.) since August 31, 2023, by Barber's Hill Independent School District which has caused him to be subject to  improper discipline and an abrogation of both his Constitutional and state rights.

9.  This action arises from the failure of managing executive officials (the Defendants) Governor Greg Abbott and Attorney General Ken Paxton to perform the following acts:

    a.  Enforce the laws in paragraphs 1-7 above;

    b.  Provide equal protection under the laws for Plaintiffs;

    c.   Provide due process under the laws for the Plaintiffs; and

    d.  Ensure that school districts and schools refrain from discrimination based on race and sex (both directly and through disparate impact); and

    e.  Ensure that school districts and schools refrain from using the Crown Act of Texas to cause race and discrimination outright (direct discrimination) and through disparate impact.

10. Both Defendants knew or had reason to know that Plaintiffs were being subjected

to Constitutional violations (the violations listed in Paragraphs 1-7 above), and that Barber's Hill Independent School District (herein referred to as "BHISD") was **again**, *given its history*, failing to adhere to federal and state law. The failure of these Defendants to enforce the laws above, have resulted in injury to Plaintiffs.

11. The inaction of the Defendants left the Plaintiffs  no choice except to seek

relief for these violations in federal court.

## B.   PARTIES

12.    DARRESHA GEORGE, PLAINTIFF, is the mother and legal guardian of D.G. (who is a minor) and a resident of Mount Belview, Texas, whose son attends high school at Barber's Hill High School in Barber's Hill Independent School District (herein referred to as "BHISD").

13. D.G., PLAINTIFF, is a junior who attends Barber's Hill High School in Mount Belview, Texas, located in Chamber's County. Plaintiff wears his hair locs as an expression of cultural pride. His refusal to cut his locs forms the basis of this litigation.

14.    DEFENDANT, GREG ABBOT, is the governor of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policy-maker, and enforcer of the law. He is also the chief executive power for Texas and is the governing force behind the protection of individual liberties and governing education in Texas. The governor makes policy recommendations that the House and Senate chambers may sponsor and introduce as bills. The governor appoints and oversees the members of boards and commissions who oversee the heads of the state agencies and departments. He signs or vetoes bills passed by the Legislature, convenes special sessions of the Legislature for specific purposes, and orders the attorney general to make legal opinions when necessary, See Exhibit 1, page _____. He is guilty by omission and as a bystander to BHISD's acts towards the Plaintiffs. He protects BHISDs improper actions and violations of law (found in above paragraphs  which are included but not limited to improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT (of Texas) that he recently signed (which went into effect on September 1, 2023).  He allowed the acts committed by BHISD (See paragraphs 1-11)  to be committed and did **nothing** to prevent the acts despite the fact that he has the ability to do so. He is sued both in his official and his individual capacities as to **all** causes of action.

15.    DEFENDANT, KEN PAXTON, is the attorney general of Texas. This listed Defendant is responsible for all acts complained of in this lawsuit as this Defendant is a high-ranking official, policy-maker, and enforcer of the law. He is also the chief lawyer for Texas and is the governing force behind the protection of individual liberties and governing education in Texas.

The attorney general defends the laws of the Constitution of the United States, represents the state in litigation, and issues legal opinions. The attorney general serves as legal counsel to the boards and agencies of state government. He issues legal opinions when requested by the governor, heads of state agencies and other officials and agencies as provided by statute. He sits as an ex-officio member of state committees and commissions, and defends challenges to state laws and suits against both state agencies and individual employees of the state. The attorney general also files civil suits upon referral by other state agencies and serves and protects the rights of all citizens of Texas through the activities of the various divisions of the agencies,  See Exhibit 1, page _____. He is guilty by omission and as a bystander to BHISD's acts towards the Plaintiffs. He protects BHISDs improper actions and violations of law (found in above paragraphs  which are included but not limited to improper punishment of Plaintiff for violating a dress and grooming code that is unconstitutional and that is not proper under the CROWN ACT ((of Texas) which went into effect on September 1, 2023)  He allowed the acts (*See* paragraphs 1-11) by BHISD to be committed and did nothing to prevent the acts despite the fact that he has the ability to do so. He is sued both in his official and his individual capacities as to all causes of action.

## C.  JURISDICTION AND VENUE

16.     This Court has jurisdiction over the subject matter of this civil action pursuant to Title VI of the Civil Rights Act of 1964, 28 U.S.C. §1331 and 28 U.S.C.§1343. Venue is proper in the Southern District of Texas because the unlawful acts of discrimination described herein occurred within Texas and all Parties to this action conduct business and/or reside in the Defendants.

## D.  FACTS

17.     The *ever-controversial* BHISD is a school district within Chambers County, Texas. Barber's Hill High School, a school within BHISD is the school that Plaintiff, D.G. attends as a junior (11th grader). BHISD is well-known for racial discrimination and their dress and grooming code. BHISD, like many Texas school districts, maintains and regularly revises a

dress and grooming code that outlines the standards to which students are held. This particular school district has a dress and grooming code which includes a hair length policy, which provides in relevant part:

[Male students' hair will not extend, at any time, below the eyebrows, or below the ear lobes when let down. Male students' hair must not extend below the top of a t-shirt collar or be gathered or worn in a style that would allow the hair to extend below the top of a t-shirt collar, below the eyebrows, or below the ear lobes when let down], *See* Exhibit 2.

18.     It must be noted that this school district actually **banned** loc's, braids, twists and protective hairstyles as a whole before being sued in federal court in May of 2020. It was after that that BHISD amended their grooming policy (mid-stroke) and added the additional hair length restriction, *Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038. The Defendants remained inactive within that litigation and have simply watched minors battle a school district in federal court within its very borders. Luckily, the United States Attorney General's Office has moved to enter its legal opinion to aid the United States District Court and the parties. The State official Defendants' adamant refusal to intervene, and culture of standing idly by has resulted in further discrimination and abrogation of the rights of **these** Plaintiffs.

19.     One day before the CROWN Act law (***See*** Exhibit 3)  was to be active, or on August 31, 2023, BHISD began launching their "assault" against Plaintiff. Plaintiff was pulled out of class by assistant principal, Ryan Rodriguez, and the injuries for which he complains of within this complaint began. At BHISD, district administrators discipline students who violate the dress and grooming code as those administrators deem appropriate (e.g., in-school suspension, sitting on a small stool for 8 hours with intent to cause pain to the buttock of the child, and feeding the child sandwiches like a prisoner with the intent to deny him hot food). Unfortunately, the disparate impact of the enforcement of their dress and grooming code is against black males with locs, braids, twists, and protective styles.

20.     BHISD has disciplined Plaintiff D.G. repeatedly and non-stop since August 31, 2023. Plaintiff has not been in his regular class and has been in in school suspension (herein referred to as ISS) since August 31, 2023. When Darresha George, Plaintiff and next friend of Plaintiff, D.G. requested hot food for her child, she was told that she must *buy* him hot food if she wants him to have it. It must be noted that even though Plaintiff, D.G. qualifies for *a free* lunch, which is hot, he was denied this free lunch. Instead, he was given a mere sandwich in a bag (made with processed meat and cheese) and given an 8 oz bottle of water to drink (for the entire day). Other children, who were not being disciplined for their hair were allowed to eat hot food as a part of the free lunch program.  Plaintiff, D.G. has been denied adequate food and water while in ISS and denied the free lunch and breakfast program that he is *entitled* to under both state and federal law. Plaintiff, Darresha George does not have the money to buy Plaintiff, D.G.'s lunch, which is why he [Plaintiff D.G.] qualifies for free lunch and breakfast. The Defendants are aware of this punishment imposed by BHISD and as to the public stance that BHISD has taken regarding their dress and grooming policy and the CROWN ACT (as well as other listed state and federal laws), *See* Paragraphs 1-11 of this complaint.

21.     Plaintiff, D.H. is being unethically hazed by adults at BHISD with the intent to disturb his morale and cause intentional infliction of emotional distress to both he and his ailing mother. His mother has fallen ill due to stress and has had a series of seizures. She has suffered hospitalization as a result of the inaction of the Defendants, for which she complains of in this petition.

22.     BHISD has threatened DAEP (alternative learning center/school) placement. This cruel treatment and adversarial environment instituted by BHISD bears primarily on race discrimination, gender/sex claims and is a direct violation of federal law. Although the Defendants are aware that BHISD has been, since 2019, displaying this conduct, they refuse to do anything about it, thereby tacitly consenting to, and promoting BHISD's race and gender discrimination (as well as their refusal to follow the CROWN ACT law of Texas.

23.     The Defendants know or have reason to know that BHISD's grooming policy pretextually focuses on the current hair length but is aimed at the ***hair style.*** The Defendants also know or have reason to know that the grooming policy has a disparate impact on Black/African-American males.  The Defendants  know or have reason to know that for BHISD hair violations, students have until the following school day to correct the violation after serving their required ISS sentence. Plaintiff, D.G. has been in ISS since August 31, 2023 without  recourse. The Defendants fail to intervene and they provide no due process that is adequate under the circumstances. Plaintiff, D.G. has been repeatedly denied access to teaching materials and teaching instruction in ISS and dawns grades that are basically all "F's." The Defendants know or have reason to know about the disparate impact of their CROWN ACT on Black/African American males and the disparate impact on Black/African-American males at BHISD (given the district's history, past and present actions, and public stance on the CROWN ACT with respect to its policy).


24.     Plaintiff, D.G. has worn his natural hair in locs as an outward expression of his Black identity and culture for several years now. He has the hair of his stepfather, his father, and other family members tied and sewn off into his locs as is indicative of his culture.  He has not cut his hair since the time the locs began to form and was strategically targeted by Ryan Rodriguez and other district personnel the day before the law went into effect, despite the fact that school started on or about August 16, 2023.  The District has repeatedly and with malicious intent, disciplined him excessively for violating the dress and grooming code by assigning him to in-school suspension and now, DAEP.


25.     The school district has stated that the Defendant's CROWN ACT allows this discriminatory conduct/ impact and has even cited specific members of State level government who have given them the "green light" as to such deplorable conduct, despite the public opinions written by the CROWN ACT's sponsors, See Exhibit 4. After the federal court's ruling in *Arnold v. Barbers Hill Indep. Sch. Dist*., the Defendants never saw to it that this federal ruling was incorporated within the State's  regulations and policies with respect to education. The lack of policing action on pat of the Defendants has allowed BHISD to

commit these same acts all over again to other students such as Plaintiff, and all while *Arnold v. Barbers Hill Indep. Sch. Dist*., is still pending litigation, despite the fact that the federal district court has argued that the school policy is unconstitutional.

26.     The Defendants have a duty to ensure that its schools and school districts stay in compliance with federal law and state law. The Defendants have a duty to protect and serve those similarly situated to the Plaintiffs, and to respect the rulings of federal judges. The Defendants have a duty to ensure that their school rules are in line with state law, federal law, and federal rulings as well. The Defendants have done nothing. As the state's top law enforcement officer and the state's top official, Attorney General Paxton and Governor Greg Abbott are responsible for upholding State and federal law.

## <u>COUNT ONE and COUNT TWO</u>

**(Disparate Impact Discrimination Based on Race in Violation of Title VI of the Civil Rights Act of 1964 and THE CROWN ACT & Disparate Impact Discrimination Based on Sex in Violation of Title VI of the  Civil Rights Act of 1964, 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT (of Texas))**

15.     The foregoing paragraphs are realleged and incorporated herein. Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The Defendants' conduct as alleged at length herein constitute the promotion of disparate impact (also called adverse impact) discrimination under Title VI of the Civil Rights Act of 1964 because a recipient of federal funds from FHWA (in this case, BHISD) adopted a procedure or engaged in a practice that has a disproportionate, adverse impact on individuals who are distinguishable based on their race, and sex— even if the recipient (BHISD) did not intend to discriminate. The Defendants have stood by when they know or have reason to know of the actions of an agency whom it has the power to govern and autorotate, is abrogating the student's rights via disparate impact discrimination (both race and sex) in and through its grooming

and dress code. Moreover, the actions of BHSID and the refusal of the Defendants to act is causing Plaintiff D. G. to be denied equal protection under the laws.

16.     Plaintiff D.G. should be permitted to wear his hair in the manner in which he wears it (which is gathered in a style above his ear lobes, shirt collar, and eyebrows) because the so called neutral grooming policy has no close association with learning or safety and when applied, disproportionately impacts black males as a protected class (race/sex) of student/citizens, See Exhibit 5.

.

## COUNT THREE

### (Freedom of Speech/ Freedom of Expression action
### under the First Amendment of the United States Constitution)

17.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants' conduct as alleged at length herein constitutes an abrogation of freedom of expression. Self- expression enables an individual to realize his or her full potential as a human being. The right of individuals to express their thoughts, desires, and aspirations, and to communicate freely with others, affirms the dignity and worth of each and every member of society. As such, the First Amendment protects that right. Defendants have refused to prevent BHISD and other similarly situated from abrogating the right to freedom of expression by Plaintiff and others who have braids, locs, twists, and protected styles despite the CROWN ACT and other federal law that guards against such actions. The state has allowed BHISD the ability to limit the freedom of expression of students wearing locs, braids, twists and protective styles without justification and demonstrating a substantial need to protect these interests. The Defendants cannot show that the limitation on freedom of expression that they allow BHISD and others to restrict is proportionate to the legitimate aim pursued and that there are no less restrictive means available.

## COUNT FOUR

### (Due Process Violation under the 14th Amendment)

18.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by Reference herein. The Defendants' conduct as alleged above constitutes due process violations under the 14th Amendment because they fail to stop schools and school districts  from making and enforcing student dress and grooming policies which abridge the privileges or immunities of citizens of the United States and that  deprive persons like Plaintiff D.G. of life, liberty, or property, without adequate due process of law, and they allow the schools and districts (in and through their dress code and grooming policies) to deny students equal protection of the laws.

## COUNT FIVE

### (State: Breach of Fiduciary Duty)

19.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. The foregoing paragraphs are realleged and incorporated by reference herein. The Defendants' conduct as alleged above constitutes breach of fiduciary duty. The Defendants owe the Plaintiffs and other citizens similarly situated to Plaintiffs  a fiduciary duty to protect and serve them, as well as to enforce and institute laws on their behalf. The Defendants have breached their duty to Plaintiffs, which have resulted in Plaintiffs suffering harm for which they seek reprieve.

## COUNTS SIX

### (Intentional Infliction of Emotional Distress)

20.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to all above-listed Defendants. Plaintiff now sues for intentional infliction of emotional distress. The defendant's acts and omission to act constituted

outrageous behavior/conduct. The Defendants' acts purposely or recklessly caused Plaintiffs emotional distress so severe that it could be expected to adversely affect mental health. The defendants' conduct caused such distress, emotional harm, and irreparable emotional damage.

## COUNT SEVEN
### (Federal failure to intervene/ Bystander liability)

21.     Plaintiff hereby incorporates all previous paragraphs as set forth above and are herein incorporated by reference as it relates to both Defendants.

22.     All Defendants have  a history of engaging in forbidden practices as complained of above. All Defendant's failures to adequately enforce federal and state law and force BHISD and others to refrain from discrimination, was not done according to the law, and caused an extremely prejudicial effect. Plaintiff sustained extensive injuries as well as IIED wounds. In addition, due to the fact that all of the above high-level ranking officials know or have reason to know that their schools and school districts engage in a pattern of discrimination and brutality against students, they should have enforced state law. They have failed to do so, and as such, are liable to Plaintiffs for their failure to intervene and for bystander liability. Because the Defendants are high ranking officials, have the authority to stop the actions of BHISD  and do nothing to schools and school districts accused of such conduct, they are tacitly consenting to said conduct.  Had the CROWN ACT, and other law ben enforced by the Defendants, these school districts and schools would not have been able to harm the Plaintiffs and none of this would have happened.

23.     All Defendants knew or should have known of the aforementioned discriminatory and other listed conduct and have done did nothing to fix the fact that their schools and school district are behaving in this manner. In addition, high ranking official Defendants knew or should have known that there were complaints from students and Plaintiff as to such so that they, should have enforced proper procedure for the schools and school districts to refrain from such complained of practices.

24.     As a result of the Defendants refusal to adequately follow, implement, supervise, their schools, school districts, officers and employees in a timely manner, Plaintiffs lost loss of enjoyment

of life, suffered emotional injury, suffered discrimination and was denied equal protection and due process under the law. As a direct result of the Defendants' failure to police BHISD and others, as high level officers, Plaintiffs has been harmed constitutionally, lost enjoyment in their lives, suffered injuries, and infliction of emotional distress.

25.      Plaintiffs had the following clearly established rights at the time of the complained of conduct:

a.      the right to be free from discrimination and the injuries which flowed from it under the Constitution and state laws as listed.

26.      Defendants knew or should have known of these rights at the time of the complained of conduct as they were clearly established at the that time. Defendants are not entitled to immunity for the complained of conduct. Defendants, at all times relevant, policymakers, and head authority figures for  the State of Texas and the schools within its borders, and in that capacity, established policies, procedures, customs, and/or practices for the same. These high ranking official Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Plaintiff's constitutional and federal rights as set forth herein and in the other claims, resulted from conscious or deliberate choice to follow a course of action from among various available alternatives.

27.      The Defendants who are high ranking officials, have allowed BHSID to create and tolerate an atmosphere of disparate impact discrimination (race and sex), and have developed and maintained long-standing, state-wide customs, law enforcement related policies, procedures, practices, and/or failed to properly supervise its school districts and schools in an adequate manner. The Defendants have tolerated an atmosphere of discrimination. The inadequacy of  their refusal to force BHISD and others similarly situated to BHSID ,to follow the law, are so likely to result in the continued violation of constitutional and federal rights such as those described herein, that the failure to provide supervision, and be an idle bystander is deliberately indifferent to those rights.

28.     As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual constitutional and emotional injuries, as well as other damages and losses as described herein, entitling them to compensatory and special damages, in amounts to be determined at trial. On information and belief, Plaintiffs may suffer damages from the not yet fully ascertained sequelae of events in amounts to be ascertained in trial.

29.     Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and cost as allowable by federal law. There may also be special damages for lien interests.

## REQUEST FOR DECLARATORY RELIEF

34.     Finally, Plaintiff seeks appropriate declaratory and injunctive relief pursuant to 28 U.S. Code § 2201, Title VI of the Civil Rights Act of 1964,  the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, to redress Defendants' above described ongoing deliberate indifference in policies, practices, habits, customs, usages, supervision and failure to use police power with respect to the rights described herein, and with respect to the ongoing policy and/or practice of BHISD (and others similarly situated to BHISD) for failing to abide by the law, which Defendants have no intention for voluntarily correcting despite obvious need and requests for such correction. Plaintiffs seek declaration as to whether the dressing and grooming code restrictions limiting student hair length for those who are prima facially covered by the CROWN ACT (of Texas)  is unconstitutional. Plaintiffs seek declaration as to whether the Defendants have a duty to ensure that their schools and school districts refrain from imposing length requirements where the CROWN ACT and other state and federal law apply (as exceptions).

## REQUEST FOR TRO AND PRELIMINARY INJUNCTION

35.     Plaintiffs seek an injunction against the Defendants to compel them to use its authority and police powers (and their authority and powers as described in Paragraphs 14-15

13

above) to stop BHISD and others similarly situated from exposing their students to disciplinary punishment and disciplinary measures due to locs, braid, twists and other protective styles that are **alleged to be** or that are longer than the District or schools' length requirement. The Defendants should be compelled to cause its schools to halt all disciplinary action pending and future, for those who have locs. Braids, twists and protective styles. For the time being, the Defendants shall absolve its schools and school districts of the right to enforce their dressing and grooming policy against anyone who has locs, braids, twists, or protective styles. Defendants should be compelled to assist Plaintiff and others similarly situated (those who have locs, braid, twists and protective styles) from being subject to the unconstitutional length requirements of the schools and/or districts dress and grooming codes (that also go against the CROWN ACT (of Texas)).

36.     The injunction sought by Plaintiffs does not maintain the status quo and is mandatory in nature. Here, the Plaintiff stands an extremely good chance at succeeding. Plaintiffs have established a substantial likelihood of success on the merits of their claims. Moreover, Plaintiffs [movants] can easily demonstrate that, without injunctive relief, they will suffer an irreparable injury for which damages are an inadequate remedy." *Jones v. American Council on Exercise*, 245 F. Supp. 3d 853, 867 (S.D. Tex. 2017) (quotation marks omitted) (J. Miller). "[T]he injury at issue must be actual and imminent, not speculative or remote." *Allied Home Mortgage Corp. v. Donovan*, 830 F. Supp. 2d 223, 227 (S.D. Tex. 2011) (J. Harmon), *Arnold v. Barbers Hill Indep. Sch. Dist.*, 2020 U.S. Dist. LEXIS 94317, *5, 2020 WL 2813496. Plaintiff D.G. is still a student at BHSID. Plaintiff D.G. sits in ISS every day and has done that since August 31, 2023. Plaintiff D.G.'s grades are suffering and are "F." Moreover, Plaintiff D.G. cannot participate in any extracurricular activities, including football, which is his passion. The threat of harm that Plaintiff D.G. faces such as the conditions of ISS, the damage to his grades, and the damage to his educational and disciplinary file pose an actual and imminent threat of irreparable injury to Plaintiff, D.G. Moreover, the relative weight of the threatened harm to the Plaintiffs if the injunction is denied outweighs the threat of harm faced by the Defendants.

37.     If this TRO and injunction is not granted only the Plaintiff will be harmed. The Defendants will not suffer at all. The public will not suffer harm to its interest if an injunction is granted. In fact, the rights of Plaintiff D.G. will continue to be violated if this injunction is denied. It is always in the public interest to prevent the violation of a party's constitutional rights," *Jackson Women's Health Organization v. Currier,* 760 F.3d 448, 458 n.9 (5th Cir. 2014) (quotation marks and brackets omitted). Conversely, "[p]ublic interest is never served by a state's depriving an individual of a constitutional right," *Kite v. Marshall*, 454 F. Supp. 1347, 1351 (S.D. Tex. 1978);*Arnold v. Barbers Hill Indep. Sch. Dist.*, 479 F. Supp. 3d 511, 531, 2020 U.S. Dist. LEXIS 148137, 2020 WL 4805038.

## PRAYER  FOR RELIEF

38.     WHEREFORE, Plaintiffs, Darresha George, individually and as next friend of D.G. and D. G. pray for the following
relief:

a.     A declaratory judgment that the practices complained of herein are unlawful and violate 28 U.S. Code § 2201, Title VI of the Civil Rights Act of 1964,  the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d and the CROWN ACT (of Texas);

b.     A permanent injunction against the defendants, it officers, agents, successors, employees, representatives, and any and all persons acting in concert with the above-named companies, prohibiting them from engaging in unlawful acts including but not limited to race and sex discrimination against students;

c.      and other affirmative relief necessary to eradicate the effects of the inaction of the defendants;

d.     For compensatory damages against all defendants in the amount approved at trial;

e.      For exemplary and punitive damages against all defendants;

f.      For costs of suits herein, including plaintiffs' reasonable attorney fees;

g.      For such other and further relief as the Court deems proper; and

h.      Such further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

39.     The Plaintiff demands a trial by jury of all triable issues in this action.

Respectfully Submitted,

**THE BOOKER LAW FIRM**

_____ */S/Allie R. Booker*
**ALLIE R BOOKER**
Federal Bar No. 1089873
1200 Rothwell Street
Houston, Texas 77002
(713) 292-2225 (office)
(713) 583-3999 (facsimile)
COUNSEL TO PLAINTIFFS

## NOTICE OF ELECTRONIC FILING

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 23rd day of September, 2023.

*/s/Allie Booker*
Allie Booker

<u>**CERTIFICATE OF SERVICE**</u>

I, Allie Booker, Plaintiffs' Attorney, do hereby certify that I have forwarded, a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this on this the 23rd  day of September, 2023.

<u>*/s/Allie Booker*</u>
Allie Booker

17