**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **DARRESHA GEORGE,** | § | |
| **INDIVIDUALLY AND AS A/N/F OF** | § | |
| **D.G. AND D.G.** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **C.A. No. 4:23-CV-03609** |
| | § | |
| **GREG ABBOTT, KEN PAXTON,** | § | |
| **BARBERS HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT, GREG POOLE,** | § | |
| **LANCE MURPHY AND RYAN** | § | |
| **RODRIGUEZ** | § | |
| | § | |
| *Defendants*. | § | |

**<u>BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE</u>**
**<u>MURPHY, AND RYAN RODRIGUEZ'S MOTION TO TRANSFER VENUE</u>**
**<u>PURSUANT TO 28 U.S.C. § 1404(a)</u>**

Barbers Hill Independent School District (the District), Greg Poole, Lance Murphy,

and Ryan Rodriguez (the BHISD Parties) file this Motion to Transfer Venue Pursuant to

28 U.S.C. § 1404(a), as follows:

**<u>NATURE AND STAGE OF THE PROCEEDINGS & BRIEF INTRODUCTION</u>**

Darresha George, individually and as next friend of her son D.G., and D.G. initially

filed suit against Texas Governor Greg Abbott and Texas Attorney General Ken Paxton,

alleging violations of their rights under Section 1983, Title VI, Title IX, and state law. *See*

Dkt. 1.[1] Plaintiffs then amended their complaint to include Barbers Hill Independent School District (the District), Superintendent Greg Poole, Lance Murphy, and Ryan Rodriguez as defendant-parties, alleging the same causes of action. *See* Dkt. No. 2. Plaintiffs' First Amended Complaint (the Complaint) asserts various state and federal claims against the District and the BHISD Parties, including but not limited to, allegations of race and sex discrimination, violations of the First Amendment, and intentional infliction of emotional distress.[2] Importantly, the Complaint acknowledges that essentially ***all*** of the factual underpinnings for this action occurred in Mont Belvieu, Chambers County, Texas, which is located in the Galveston Division of the Southern District of Texas, not the Houston Division. As such, this Court should transfer this case to the Galveston Division.

## ISSUE STATEMENT

Whether this litigation should be transferred to the U.S. District Court for the Southern District of Texas, Galveston Division, pursuant to 28 U.S.C. § 1404(a).

## ARGUMENT & AUTHORITIES

### A.    Standard of Review.

The Court is given "broad discretion in deciding whether to transfer a civil action from a division in which it is pending to any other division in the same district." *In re Marquette Transp. Co. Gulf-Inland, LLC,* No. CIV.A. H-12-0623, 2012 WL 2375981, at *1 (S.D. Tex. June 21, 2012) (citing and quoting *Sundell v. Cisco Sys. Inc.,* 111 F.3d 892,

---

[1] Both the Governor and Attorney General of Texas are represented by the Office of the Attorney General.

[2] For a statement of the facts as pled by Plaintiffs, see the Complaint. *See generally* Dkt. 2.

1997 WL 156824, at *1 (5th Cir. 1997)). A district court may transfer any civil action to any other district or division where it might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). A motion to transfer venue under § 1404(a) is not a defense that must be raised by pre-answer motion or in a responsive pleading, but "may be made either before, as well as after, an answer is filed." *Vaz Borralho v. Keydril Co.*, 696 F.2d 379, 385-86 (5th Cir. 1983), *overruled on other grounds In re Air Crash Disaster Near New Orleans*, 821 F.2d 1147, 1164 (5th Cir. 1987); *see also Allen v. U.S. Dep't of Homeland Sec.*, 514 F. App'x 421, 422 n.5 (5th Cir. 2013) ("[A] motion to transfer venue under Section 1404(a) is not a 'defense' that must be raised by pre-answer motion or in a responsive pleading." (citation omitted)); *Brown v. Federated Cap. Corp.*, 991 F. Supp. 2d 857, 860 (S.D. Tex. 2014) ("Unlike a motion to dismiss for improper venue under Rule 12(b)(3), a motion to transfer under § 1404(a) can be filed at any time, so long as the motion is made with reasonable promptness." (citation omitted)).

A motion to transfer under § 1404(a) presents a two-pronged analysis. First, the Court must determine whether the suit could have originally been filed in the judicial district or division to which transfer is sought. *See Hebert v. Wade*, 2013 WL 5551037, at *2 (S.D. Tex Oct. 7, 2013) (citing to *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). Second, the Court must then determine whether the transfer would serve "the convenience of parties and witnesses" and "the interest of justice," by weighing eight private and public interest factors – none of which are given dispositive weight. *Id.*

**B.      The Galveston Division is the proper venue for this litigation.**

Plaintiffs are residents of Chambers County, Texas. *See* Dkt. 2 at ¶¶ 14-15. The District is located in Chambers County. *Id.* at ¶ 23. Barbers Hill High School, which D.G. attends and where the events alleged in the Complaint arose, is located in Chambers County. *See id*. at Part D. The potential witnesses in this lawsuit are employed and reside within Chambers County. *See generally id.* And, lastly, the pertinent documentary evidence is kept and maintained at the District, in Chambers County. *Id.* In sum, Plaintiffs, the District, the school D.G. attends, and most (if not all) of the potential witnesses and relevant documents, are in Chambers County, Texas.

This is important because Chambers County is located within the Galveston Division of the Southern District of Texas. *See* Southern District of Texas, Galveston Division, (November 10, 2023), https://www.txs.uscourts.gov/offices/galveston-division (listing Chambers County as a County within the Galveston Division). As such, the Galveston Division – not the Houston Division – of the Southern District of Texas is the appropriate division in this case. *See In re Radmax*, 720 F.3d 285, 291-92 (5th Cir. 2013) (granting writ of mandamus by finding convenience factors and interests of justice supported intra-district transfer from Marshall Division to Tyler Division of the Eastern District of Texas); *Smith v. Michels Corp*., No. 2:13-cv-185 JRG, 2013 WL 4811227, at *2 (E.D. Tex. Sept. 9, 2013) ("[T]he venue statute and the Federal Rules of Civil Procedure strongly suggest that a district court is allowed broader discretion when considering intra-

district transfers under § 1404(a).").[3] The first prong of the § 1404(a) analysis is indisputably satisfied here.

## C.      Most convenience factors either weigh in favor of transfer or are neutral.

The second prong of the analysis further confirms that this Court should grant the District and the BHISD Parties' Motion to Transfer. Potential relevant public and private factors to be weighed are: (1) the relative ease of access to sources of proof; (2) the cost of attendance for willing witnesses; (3) all other practical problems that make the trial of a case easy, expeditious and inexpensive; (4) the local interest in having localized interests decided at home; (5) the administrative difficulties flowing from court congestion; (6) the availability of compulsory process to secure the attendance of witnesses; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law. *See Go Figure,* 2010 WL 1424411 at *6; *Radmax*, 720 F.3d at 288; *see also In re Volkswagen of Am., Inc. ("Volkswagen II")*, 545 F.3d 304, 315 (5th Cir. 2008). These factors "apply as much to transfers between divisions of the same district as to transfers from one district to another." *Radmax,* 720 F.3d at 288.

---

[3] Although plaintiff's choice of forum is generally entitled to deference, "when a plaintiff is not a resident of the chosen forum, or when the operative acts underlying the case did not occur in the chosen forum, a court gives less deference to the plaintiff's choice." *Go Figure, Inc. v. Curves Intern., Inc.,* No. CIVA H-09-2930, 2010 WL 1424411, at *5 (S.D. Tex. Apr. 8, 2010) (citing to *In re Horseshoe Entm't.*, 337 F.3d 429, 434-35 (5th Cir.2003)). As such, Plaintiffs' choice to file in the Houston Division should not be given any deference by the Court.

1.    The relative ease of access to sources of proof.

The question presented by this factor is "*relative* ease of access, not *absolute* ease of access." *Id.* (citing to *Volkswagen II*, 545 F.3d at 316) (emphasis in original). The events leading to this action occurred entirely within the Galveston Division. *See generally* Dkt. No. 2; *see also* Part B *supra*. Further, the pertinent documents for this litigation will presumably be contained in D.G.'s student file and other records kept at the District. These documents are held and maintained at the District, located at 9600 Eagle Dr., Mont Belvieu, Texas 77523 – within the Galveston Division. *See* Barbers Hill Independent School District's Website Contact Us Page, (November 10, 2023), https://www.bhisd.net/district/contact-us; *see also* Southern District of Texas, Galveston Division, (November 10, 2023), https://www.txs.uscourts.gov/offices/galveston-division. As such, *none* of the sources of proof are located within the Houston Division. This factor weighs in favor of transfer. *See Volkswagen II*, 545 F.3d at 316 (holding that this factor favors transfer when the occurrence giving rise to the suit occurs in the transferee forum).

2.    The cost of attendance for willing witnesses.

In considering this factor, "[i]t is the nonparty witnesses whose convenience is the most important consideration." *Perry v. Autocraft Investments, Inc.,* No. 4:13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013). Plaintiffs' Complaint references several unidentified nonparties as particularly critical witnesses in this litigation. *See* Dkt. No. 2 at ¶ 26 ("BHISD and BHISD employees have disciplined Plaintiff D.G. repeatedly…"). These anticipated nonparty witnesses work and probably live in the Galveston Division. This factor weighs in favor of transfer. *Perry*, 2013 WL 3338580 at *2.

3.      Local interest in having localized interests decided at home.

"[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Advanced Processor Techs. LLC v. Atmel Corp.*, No. 2:12-CV-152-JRG-RSP, 2013 WL 1279053, at *9 (E.D. Tex. Mar. 26, 2013) (quoting *In re Hoffman-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)); *see also Volkswagen II*, 545 F.3d at 317-18 (noting a division's strong local interest when the incident giving rise to the litigation occurred within the division and all of the evidence and witnesses were located within the division).

As addressed previously, all of the events underlying Plaintiffs' claims occurred within the Galveston Division, and a significant number of the potential nonparty witnesses in this litigation (if not all) work or live within the Galveston Division. *See, e.g.,* Dkt. No. 2 at ¶¶ 25-26; *see also* Parts B, C.2 *supra.* Moreover, since the local school serves as a central pillar of any community – and this lawsuit revolves entirely around the alleged misconduct of a school district located in the Galveston Division – there is a particularly strong local interest implicated here. Jurors, and other members of the Galveston Division community, possess an interest in determining whether their children's school has complied with its legal obligations. As such, the local interest in having localized interests decided at home weighs firmly in favor of transfer to the Galveston Division.

4.    <u>Administrative difficulties flowing from court congestion.</u>

 "It is not  a prudent use of judicial resources for this Court to resolve a dispute that has no connection to this forum." *Choice Hotels Intern., Inc. v. J. Bhagwanji, Inc.,* No. 4:11-CV-03768, 2011 WL 6959948, at *3 (S.D. Tex. Dec. 30, 2011) (noting the "Houston Division is an exceedingly busy division"). If any  administrative difficulties arise from this litigation, such difficulties should be shouldered by the venue possessing a vested interest in the controversy. Therefore, this factor weighs in favor of transfer to the Galveston Division.

5.    <u>All additional factors are neutral to transfer.</u>

Potential witnesses are within the subpoena power of both the Houston and Galveston Divisions, both divisions are equally familiar with the applicable law, and no conflict of law is present in this litigation. Therefore, the remaining factors – availability of a compulsory process to secure the attendance of witnesses, the familiarity of the forum with the law that will govern the case, and the avoidance of unnecessary problems of conflicts of laws or the application of foreign law – are neutral factors that do not affect the analysis. *See Marquette,* 2012 WL 2375981 at *1.

6.    <u>Transfer will not cause any significant delay.</u>

Transfer to the Galveston Division will not cause any delay in this litigation because this case is still in a very early stage. No hearings have been held and, in fact, the District and the BHISD Parties were just recently joined as defendants in these proceedings on September 25, 2023. *See id.* at *2 (noting the early stage of the proceedings supported an

intra-district transfer); *compare* Dkt. 1 *with* Dkt. 2. As such, any "garden-variety delay associated with transfer is not be to taken into consideration in ruling on [this] § 1404(a) motion to transfer." *Radmax,* 720 F.3d at 289 (insertion added).

## CONCLUSION & PRAYER

For the foregoing reasons, this Court should grant the District and the BHISD Parties' Motion to Transfer and transfer this case to the Galveston Division of the Southern District of Texas.

> Respectfully submitted,
> ROGERS, MORRIS, & GROVER, L.L.P.
>
> JONATHAN G. BRUSH
> Attorney-in-Charge
> State Bar No. 24045576
> Fed. I.D. No. 619970
> jbrush@rmgllp.com
> AMY DEMMLER
> State Bar No. 24092337
> Fed. I.D. No.  3227731
> ademmler@rmgllp.com
> RICHARD A. MORRIS
> State Bar No. 14497750
> Fed. I.D. 15004
> rmorris@rmgllp.com
> DILLON BREAZEALE
> State Bar No. 24131284
> Fed. I.D. No. 3805269
> dbreazeale@rmgllp.com
> 5718 Westheimer, Suite 1200
> Houston, Texas 77057
> Telephone:    713/960-6000
> Facsimile:    713/960-6025
>
> ATTORNEYS FOR BARBERS HILL ISD,
> GREG POOLE, RYAN RODRIGUEZ, AND
> LANCE MURPHY

**CERTIFICATE OF COMPLIANCE OF WORD COUNT**

Pursuant to Local Rule 18.c, I hereby certify that this motion complies with the word count limitations because it contains 2070 words, excluding the parts of the brief exempted by Local Rule 18.c.

_____
Attorney for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on November 6, 2023, I conferred with Allie Booker, counsel for Plaintiffs, regarding the relief requested in this motion. Ms. Booker advised Plaintiffs are opposed to the motion and the relief requested. I further certify that I conferred with counsel for Greg Abbott and Ken Paxton, on October 18, 2023, regarding the relief requested in this motion. Counsel for Greg Abbott and Ken Paxton are unopposed to the motion and the relief requested.

_____
Attorney for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2023, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send electronic notification of such filing to all counsel of record.

_____
Attorney for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez