IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND DARRESHA GEORGE, | § § § § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | C.A. No. 4:23-CV-03609 |
| GREG ABBOTT, KEN PAXTON, BARBERS HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY AND RYAN RODRIGUEZ | § § § § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TRANSFER VENUE**

Plaintiff, Darryl George, herein referred to as "D.G.," and Darresha George, herein referred to as "Mom" files this, their response to Defendants' (Barber's Hill Independent School District, Greg Poole, Lance Murphy and Ryan Rodriguez; herein referred to as "BHISD," "Poole," "Murphy" and "Rodriguez") motion to transfer venue of claims. Plaintiff would show unto the Court the following:

I.  **NATURE AND STAGE OF THE PROCEEDING**

1. Within this case, Plaintiffs asserts claims under federal and state law against state administrative officials, BHUSD officials and BHISD, for the denial of constitutional rights, due process and the Texas state CROWN ACT law. Initially, Plaintiffs filed a federal action against Greg Abbott and Ken Paxton in Cause No. 4:23-cv-03609 (on 09/23/2023) for a race discrimination disparate impact action pursuant to Title VI of the Civil Rights Act of 1964, THE

1

CROWN ACT (of Texas); a sex discrimination action pursuant to the 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, and THE CROWN ACT (of Texas); a Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution; a Due Process Violation under the 14th Amendment of the United States Constitution;  a breach of fiduciary duty state claim; an intentional infliction of emotional distress claim; a federal failure to intervene/ bystander liability claim for standing idly by and refusing to use their executive and police powers to enforce the CROWN ACT law against the peace and dignity of Title VI of the Civil Rights Act of 1964, the 14th Amendment Equal Protection Clause, Title IX of the Education Amendments of 1972, 20 U.S. C. § 200d, 1st Amendment Freedom of Speech/Freedom of Expression, and Due Process under the 14th Amendment. Later the lawsuit was amended to add state harassment and federal abridgment claims. These claims were brought due to a grooming and dress policy that has been illegally imposed against D.G.  since August 31, 2023, by BHISD which has caused D.G. to be subject to  improper discipline and an abrogation of both his Constitutional and state rights and arose from the failure of managing executive officials (Governor Greg Abbott and Attorney General Ken Paxton) to perform the following acts:

a. Enforce the laws;
b. Provide equal protection under the laws for Defendants;
c. Provide due process under the laws for the Defendants;
d. Ensure that school districts and schools refrain from discrimination based on race and sex (both directly and through disparate impact); and
e. Ensure that school districts and schools refrain from using the Crown Act of Texas to cause race and discrimination outright (direct discrimination) and through disparate impact, See Exhibit A-B.

Federal court has discretionary authority to retain this case in Houston, refuse to transfer venue, and should do so.

## II.     STATEMENT OF THE ISSUES

Where venue is improper, the district court should generally dismiss the case. But the court retains discretion to transfer it to a proper venue if such a transfer would serve *"the interest of justice."* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." (emphasis added)). Among the relevant considerations for determining whether transfer is in the interest of justice, courts examine the plaintiff's reasons for filing suit in the improper district in the first place and ask whether the "plaintiff's belief that venue was proper was in good faith and reasonable." 14D Charles Alan Wright et al., Federal Practice and Procedure § 3827 (4th ed. 2021) [hereinafter Wright & Miller]. And where a "plaintiff's attorney reasonably could have foreseen that the forum in which the suit was filed was improper," courts "often dismiss rather than transfer under Section 1406(a)" on the idea "that similar conduct should be discouraged." **Ibid.** That's because it is "obviously not 'in the interest of justice' to allow [§ 1406(a)] to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district," *Dubin P. United States*, 380 F.2d 813, 816 n.5 (5th Cir. 1967).

## MOTION TO TRANSFER STANDARD

28 U.S.C.S. § 1406 confers broad discretion in ruling on a motion to transfer. And a district court's decision to deny a motion to transfer venue will not be reversed on appeal absent an abuse of discretion. It is reviewed de novo.

Moreover, numerous courts have noted, the factors governing discretionary remand and permissive abstention are substantially the same. See, e.g. *Dubose*, 318 F. Supp. 2d at 428 ("[C]ircumstances which weigh in favor of discretionary abstention . . . likewise weigh in favor of or constrain remand under § 1452."). As such, the Delaware District Court's in-depth analysis of the factors weighing

in favor of permissive abstention under 28 U.S.C. § 157(b) are directly relevant to this Court's discretionary remand analysis, *In re Imerys Talc America, Inc., et al*., 2019 U.S. Dist. LEXIS 120572, 2019 WL 3253366, *Lea v. Johnson & Johnson*, 2019 U.S. Dist. LEXIS 123870, 2019 WL 3335143.

### III. ARGUMENT

Plaintiffs inappropriately assert that venue should be changed to Galveston despite the fact that they have filed a certificate of interested parties noting that there are pendant actions/ related actions here in this Court that arise from the *same dress and grooming code*.

Factors to consider for transfer include: (1) forum non conveniens; (2) bifurcation of the civil action; (3) centralization of the entire action in one court; (4) expertise of the particular court; (5) duplicative or wasteful use of judicial resources; (6) comity issues; and (7) a diminished likelihood of inconsistent results. Additionally, courts should consider the factors for mandatory abstention in determining discretionary abstention/transfer.

(1) FORUM NON CONVIENS

A defendant bears the burden of persuasion as to all elements of the forum non conveniens analysis. When considering a motion to dismiss/remand for forum non conveniens, the ultimate inquiry is where trial will best serve the convenience of the parties and the end of justice, *Borja v. Dole Food Co.,* 2002 U.S. Dist. LEXIS 23234, *1, 2002 WL 31757780. In this case, it is clear that with the modicum of issues that involve federal questions and the fact that there is a new state law that is being interpreted improperly by BHISD, federal law is implicated due to the discriminatory result of BHISD's actions. This means that the application of The Crown Act by BHISD results in discrimination to black, males, and as such, this is a court where trial

will serve best the convenience of the parties and the end of justice. Also, given the other federal lawsuit that has identical issues (which includes the Governor and Texas Attorney General) and given the fact that DeAndre Arnold (in federal case 4:20-cv-01802) has also sued these same Defendants for the same issues (and the federal court has made findings as to the prima facie discriminatory element of their dress and grooming policy) this is the more convenient forum. At the end of the day, Plaintiffs can hide behind The Crown Act and their interpretation of it as the basis of their claims, but the gist of the matter is that they are discriminating within their dress and grooming code. This was done by them, and findings were made before the Crown Act was instituted. Frankly, BHISD has not changed their actions or attitude with respect to the dress and grooming policy (and its application) since the Crown Act making the fact that this law has now been instituted an irrelevant factor to be considered for remand. We filed these cases in Houston Division because there was an already pending action (DeAndre Arnold's action) that was in the Houston Division. The Defendants never transferred that case, *and it arose from the same circumstances and the same Defendants are parties in that action.* So, we brought the case **here** because this forum was previously chosen by BHISD and the other Plaintiffs in an almost identical action, because that case is ongoing, and because findings and rulings of a substantial nature have been made in that already pending matter.

(2) BIFURCATION OF THE CIVIL ACTION

The court prefers a trial of all issues within the same court. The federal court who has already heard the same issues with the same parties is better suited to hear this and as such should not bifurcate the action as it would not be best. When an interpretation of state law by a federal court of appeals has been repeatedly rejected by subsequent decisions of state trial and

5

appellate courts, a federal district court sitting in diversity is not bound by that interpretation, *Potomac Ins. Co. v. Woods*, 1996 U.S. Dist. LEXIS 11414, 1996 WL 450687. So, the other two federal cases will be heard in the Houston Division and all cases with these issues and parties should be heard in the same Houston Division (and court).

Because they are identical claims it simply makes more sense for the federal courts to retain jurisdiction, consolidate the cases and then transfer them to the federal court that has already made findings with respect to these issues- Judge Hanks's court.

(3) CENTRALIZATION OF THE ENTIRE ACTION

In the absence of an authoritative pronouncement from the state's highest tribunal, decisions of the lower state appellate courts should be accorded proper regard but not conclusive effect. In determining the proper regard to ascribe to decisions of intermediate state courts, a federal tribunal should be careful to avoid the danger of giving another federal court decision a more binding effect than would a court of another court under similar circumstances. This follows from the elemental tenet that a federal court adjudicating matters of state law in a diversity suit is regarded as only another court of that state. Thus, in the words of the Court, it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court, *Potomac Ins. Co. v. Woods,* 1996 U.S. Dist. LEXIS 11414, 1996 WL 450687. So, the cases should be heard in the (Houston Division) federal court, consolidated and transferred to Judge Hanks's court (who already has DeAndre Arnold's case).

(4) EXPERTISE OF THE PARTICUALR COURT

The Houston Division is better to hear the complex federal claims as raised by both the

Defendants, in their actions because they have already begun to hear the case and have made rulings and findings with respect to congruent law in that case. Under 28 U.S.C. § 1367, when the district court has original jurisdiction over a *civil action,* the court may exercise supplemental jurisdiction over other claims that are so related to the claims within the court's original jurisdiction that they form one constitutional case or controversy. *See Allapattah,* 125 S. Ct. at 2621 (emphasis added), *Wolinsky v. Oak Tree Imaging, LP*, 362 B.R. 770, 782, 2007 U.S. Dist. LEXIS 9431. *31

(5) DUPLICATIVE/WASTEFUL USE OF JUDICIAL RESOURCES

The federal court is already hearing another two cases similar to this one. There have already been findings made of legal significance in the *Arnold* case. So, for federal court and to remand a case where the federal court does not have to abide by state court rulings to the same issue creates a waste of judicial resources. Also, the case should be heard by the same federal court, as the same federal court already has both similar cases on its docket. In this way, there is no chance that there will be multiple and/or conflicting rulings regarding the same case controversies.

(6) COMITY ISSUES

In this particular case comity calls for the same federal division (and Court) to hear this case. Therefore, comity is an issue (as it relates to both federal divisions- Houston and Galveston) in this case. We do not need different rulings coming from two different courts on the same issues. We cannot avoid it if the case is transferred to Galveston.

(7) DIMINISHED LIKELIHOOD OF INCONSISTENT RESULTS

It is clear that allowing two federal courts to hear the same issues increases the likelihood of

inconsistent results. The likelihood is increased when two federal courts are hearing the same and or similar issues with the same and or similar cases. As such, defendants believe that it is best that the court deny remand, consolidate all claims in this case and cause number 4:23-cv-03609, and that the case be transferred (in totality) to Judge Hanks who is already hearing Deandre Arnold's same or similar case, **or transfer all of the cases to the same Court.**

A. **CONCLUSION**

These claims should not be transferred, and the Motion to Transfer should be denied.

Plaintiffs pray that Defendants' Motion to Transfer is denied.

Plaintiffs pray for all relief herein requested.

Plaintiffs pray for general relief.

Respectfully submitted,

THE BOOKER LAW FIRM

*/s/Allie R. Booker*
ALLIE R. BOOKER
Federal Bar No. 1089873
1200 Rothwell
Houston, Texas 77002
(713) 292-2225 office
(713) 583-3999 facsimile
booker@bookerlawfirm.com

**NOTICE OF ELECTRONIC FILING**

I, Allie R. Booker, Defendants' Attorney, do hereby certify that I have electronically. submitted for filing, a true and correct copy of the above in accordance with the Electronic Case Files System of the Southern Texas, on this the 27th day of November 2023.

*/s/ Allie R. Booker*
Allie R. Booker

## **CERTIFICATE OF SERVICE**

I, Allie R. Booker, Defendants' Attorney, do hereby certify that I have forwarded a true and correct copy of the above, to all parties in this case, in accordance with The Federal Rules of Civil Procedure, on this the 27th day of November 2023.

*/s/ Allie R. Booker*
Allie R. Booker