## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **DARRYL GEORGE AND** | § | |
| **DARRESHA GEORGE** | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| **v.** | § | **C.A. No. 4:23-CV-03609** |
| | § | |
| **GREG ABBOTT, KEN PAXTON,** | § | |
| **BARBERS HILL INDEPENDENT** | § | |
| **SCHOOL DISTRICT, GREG POOLE,** | § | |
| **LANCE MURPHY AND RYAN** | § | |
| **RODRIGUEZ** | § | |
| | § | |
| *Defendants*. | § | |

### AMENDED JOINT DISCOVERY AND CASE MANAGEMENT PLAN

1.  **Rule 26(f) meeting.**

    Counsel for Plaintiffs:

    ALLIE R. BOOKER
    Fed. I.D. No. 1089873
    booker@bookerlawfirm.com
    The Booker Law Firm
    1200 Rothwell Street
    Houston, Texas 77002
    Telephone: 713/292-2225
    Facsimile: 713/583-3999

    Counsel for Barbers Hill ISD, Dr. Greg Poole, Lance Murphy, and Ryan Rodriguez
    (the BHISD Defendants):

    JONATHAN G. BRUSH
    Attorney-in-Charge
    State Bar No. 24045576
    Fed. I.D. No. 619970
    jbrush@rmgllp.com
    AMY DEMMLER

1

State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
DILLON BREAZEALE
State Bar No. 24131284
Fed. I.D. No. 3805269
dbreazeale@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:     713/960-6025


Counsel for Attorney General Ken Paxton and Governor Greg Abbott (the State Defendants):

KELSEY L. WARREN
ASSISTANT ATTORNEY GENERAL
Attorney-in-charge
Texas Bar No. 24095736
Southern District ID No. 3050512
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
kelsey.warren@oag.texas.gov


Allie Booker, counsel for Plaintiffs; Jonathan Brush and Amy Demmler, counsel for the BHISD Defendants; and AAG Kelsey Warren, counsel for General Paxton and Governor Abbott, held a Rule 26(f) conference on November 27, 2023, via telephone. There was another discussion held via email on December 1, 2023 initiated by Plaintiff regarding the additional party that is anticipated.


**2.   Jurisdiction.**

The Parties agree this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331,

2

as this case involves questions of federal law. This Court also has jurisdiction under 28 U.S.C. § 1343(a) because Plaintiffs seek damages for violations of their civil rights. Supplemental jurisdiction over Plaintiffs' state law claims is proper under 28 U.S.C. § 1367. However, the BHISD Defendants contest the Court has jurisdiction over Plaintiffs' state law claims as the BHISD Defendants are entitled to governmental immunity. General Paxton and Governor Abbott deny that the Court has subject-matter jurisdiction over Plaintiffs' claims asserted against them. Plaintiffs argue that no immunity applies and that all parties are subject to the court's jurisdiction both personally and subject-matter wise.

The Parties disagree on whether venue is proper. The BHISD Defendants have filed a Motion to Transfer Venue requesting the Court transfer the case to the Galveston Division of the Southern District of Texas. Dkt. 13. Plaintiffs filed a motion to consolidate both federal causes of action and oppose the transfer due to the other cases with same or similar legal issues (Arnold v. Barber's Bill, George v. Barber's Hill).

## 3.   Case background.

### a.   General description.

Darryl George (George) is a Black, male high school student at the District. His mother is Darresha George. Both have sued the BHISD Defendants, alleging that BHISD has selectively enforced its policy regulating male students' hair length in a manner that is discriminatory on the basis of race and sex in violation of constitutional, federal, and state law, and infringes on George's constitutional right to freedom of expression. Plaintiffs allege that the District's dress and grooming code that regulates the length of male students' hair serves no legitimate educational goal. They also allege that the State Defendants have knowingly allowed and/or failed to intervene when the District enforced an alleged discriminatory policy, in violation of Texas' newly passed CROWN Act.

Plaintiffs bring this civil rights action against all Defendants for: (1) race discrimination in violation of the Fourteenth Amendment right to equal protection; (2) race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; (3) sex discrimination in violation of the Fourteenth Amendment right to equal protection; (4) sex discrimination in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*; (5) violation of the First Amendment right to free speech and freedom of expression; (6) violation of the Fourteenth Amendment's Due Process Clause; (7) federal abridgement of bodily integrity; and (8) state actions for harassment, breach of fiduciary duty, intentional infliction of emotional distress, and federal failure to intervene/bystander liability;

and (9) declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

BHISD Defendants deny all of Plaintiffs' allegations. BHISD asserts that neither it nor its employees discriminated against George, Darresha George, or any other student or parent in any manner. BHISD asserts it does not unfairly or prejudicially apply its dress and grooming code policies against George or any other student because of their race or gender. Further, BHISD asserts that its grooming policies are not discriminatory and serve the legitimate purposes of promoting order, discipline, and a positive learning environment for all students attending school in BHISD. BHISD disagrees that its dress and grooming code violates the newly enacted Texas CROWN Act and has requested a declaratory judgment addressing the issue of whether its current hair length restriction for male students violates the Texas CROWN Act. *See* Part 3.b *infra*. Finally, the individual BHISD Defendants are entitled to qualified immunity against all claims.

General Paxton and Governor Abbott deny all of Plaintiffs' claims against them and assert that Governor Abbott and General Paxton do not have enforcement authority under the CROWN Act, nor do they have a general duty to intervene when a public school district is merely accused of violating a student's constitutional rights or rights provided under a provision of State law. Because of this, Plaintiffs lack standing, and the Court is without jurisdiction to entertain their claims against Governor Abbott and General Paxton, and Plaintiffs' claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

**b. Related cases.**

*Barbers Hill Indep. Sch. Dist. v. Darresha George, et al.*, CA No. 4:23-cv-03681; Pending in the Southern District of Texas – Motion to Remand Pending.

*Arnold, et al. v. Barbers Hill Indep. Sch. Dist.*, CA No. 4:20-cv-01802; Pending in the Southern District of Texas – On Interlocutory Appeal in the Fifth Circuit, Case No. 23-20256.

*Woodley, et al. v. Tatum Unified Indep. Sch. Dist.*, CA No. 2:21-cv-00364; Pending in the Eastern District of Texas – Trial set for February 2024.

**c. Narrowing factual issues.**

The Parties agree that BHISD is a recipient of federal funds.

**d. Narrowing legal issues.**

None.

    **e.   Class issues.**

       Not applicable.

**4.   Parties.**

    **a.   Unserved parties.**

       None.

    **b.   Additional parties.**

       At this time, the Parties are not aware of additional parties that should be included in the suit. However, Plaintiffs believe (on information received) that Darryl George's little brother will be added to the lawsuit based on the new facts as alleged in Plaintiffs' Third Amended Complaint. Moreover, Plaintiffs anticipate adding the commissioner of TEA (Texas Education Agency) to this lawsuit at the proper time. Plaintiff is waiting to be heard on his Level III Grievance so that he may appeal to TEA. He has no understanding of how long this process will take as the timeline is out of his control and contingent on the District Defendants scheduling the Level III grievance date (at this point). Once their grievance has been heard, then the timeline will be contingent upon TEA and when TEA can schedule Plaintiff (Darryl George's)  grievance appeal.

    **c.   Interventions.**

       None at this time.

    **d.   Interested persons.**

       BHISD Defendants filed their Certificate of Interested Parties on October 27, 2023. Dkt. 12.

       General Paxton and Governor Abbott filed their Certificate of Interested Persons on November 15, 2023, subject to their special appearance. Dkt. 19.

       Plaintiffs filed their Certificate of Interested Parties on November 27, 2023. Dkt. 20.

**5.   Discovery.**

    **a.   Initial disclosures.**

The Parties intend to timely serve their initial disclosures by December 27, 2023. The BHISD Defendants intends to serve any documents responsive to the categories listed in Rule 26(a) following the entry of a protective order. *See* Local Rule 13(a); *see* Parts 6.b., 9 *infra*. Plaintiffs are opposed to the protective order.

**b.   Topics.**

The Parties anticipate that they will engage in discovery related to matters including, but not limited to, action taken by BHISD and its personnel and agents in connection with the enforcement of its dress and grooming code against George and other BHISD students. The Parties anticipate exchanging documents relating to BHISD disciplinary records and standard operating procedures for disciplinary measures. BHISD anticipates engaging in discovery related to the personal grooming habits and hair style choices of George and his family members.

The BHISD and State Defendants believe that no discovery should take place until after the Court rules on the individual defendants' entitlement to qualified immunity and the State Defendants' entitlement to sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307 (2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has determined plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary").

Plaintiffs contend that discovery is proper and needed (even if limited) in order for Plaintiffs to adequately prove bystander liability applies and to fight the immunity claims as raised by the Defendants.

**c.   Completed.**

None at this time.

**d.   Limitations.**

The BHISD and State Defendants believe that no discovery should take place until

6

after the Court rules on the individual defendants' entitlement to qualified immunity and the State Defendants' entitlement to sovereign immunity. *See Carswell v. Camp*, 54 F.4th 307 (2022) ("When defendants assert qualified immunity in a motion to dismiss, the district court may not defer ruling on that assertion. It may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants before it has pleaded plaintiffs have pleaded facts sufficient to overcome the defense."); *see Whitaker v. Collier*, 862 F.3d 490, 502 (5th Cir. 2017) (acknowledging that "plaintiffs [are] not entitled to discovery without a properly pleaded complaint" (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)); *see also Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 849 (5th Cir. 2000) (the various forms of sovereign immunity constitute "immunity not only from liability, but also from the costs, in time and expense, and other disruptions attendant to litigation"); *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam) (holding that a district court's "obligation to consider a challenge to its jurisdiction is nondiscretionary").

Plaintiffs contend that discovery is proper and needed (even if limited) in order for Plaintiffs to adequately fight the immunity claims as raised by the Defendants.

### e. Preservation.

Counsel for BHISD Defendants have instructed the District and the individual defendants to suspend any normal practice of data and document deletion in light of this litigation to negate any spoliation issues.

### f. Disputes.

None at this time.

## 6. Orders.

### a. Scheduling and docket control order.

None.

### b. Protective order.

The Defendants filed a proposed protective order that addresses educational and employee records. *See* Dkt. 22. The protective order is opposed by Plaintiffs.

### c. E-discovery order.

The Parties agree to exchange discovery documents in electronic format, as

necessary.

**7.  Settlement.**

The Parties do not agree mediation or other ADR measures is appropriate at this time.

**8.  Trial.**

    **a.  Magistrate Judge.**

The Parties do not agree to refer this case in its entirety to Magistrate Judge Christina A. Bryan.

    **b.  Jury demand.**

Plaintiffs have timely made a jury demand. *See* Dkt. 2.

    **c.  Length of trial.**

Defendants believe a trial should last 2-3 days, including voir dire. Plaintiffs believe a trial should last 4-5 days, including voir dire.

**9.  Pending motions.**

The BHISD Defendants' filed a Motion to Transfer Venue. *See* Dkt. 13.

The BHISD Defendants filed a motion to dismiss Plaintiffs' complaint against all defendants. *See* Dkts. 23-25.

General Paxton and Governor Abbott's Motion to Dismiss was filed on November 15, 2023, and is pending before the Court. *See* Dkt. 18.

The Defendants filed an opposed motion for protective order. *See* Dkt. 22.

Plaintiffs filed a motion to consolidate. *See* Dkt. 17.

**10.  Other matters.**

None at this time.

Respectfully submitted,

DATE:          December 1, 2023

/s/Allie R. Booker
_____

ALLIE R. BOOKER
Fed. I.D. No. 1089873
booker@bookerlawfirm.com
The Booker Law Firm
1200 Rothwell Street
Houston, Texas 77002
Telephone: 713/292-2225
Facsimile: 713/583-3999

ATTORNEY FOR PLAINTIFFS

_____

JONATHAN G. BRUSH
Attorney-in-Charge
State Bar No. 24045576
Fed. I.D. No. 619970
jbrush@rmgllp.com
AMY DEMMLER
State Bar No. 24092337
Fed. I.D. No. 3227731
ademmler@rmgllp.com
RICHARD A. MORRIS
State Bar No. 14497750
Fed. I.D. 15004
rmorris@rmgllp.com
DILLON BREAZEALE
State Bar No. 24131284
Fed. I.D. No. 3805269
dbreazeale@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:    713/960-6000
Facsimile:    713/960-6025

ATTORNEYS   FOR   BARBERS   HILL
INDEPENDENT   SCHOOL   DISTRICT,
GREG  POOLE,  RYAN  RODRIGUEZ,
AND LANCE MURPHY

_____

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**KIMBERLY GDULA**
Division Chief, General Litigation Division

_/s/ Kelsey Warren (with permission)_____

 **KELSEY L. WARREN**
ASSISTANT ATTORNEY GENERAL
Attorney-in-charge
Texas Bar No. 24095736
Southern District ID No. 3050512 Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station Austin, Texas 78711-2548
(512) 463-2120 | Fax: (512) 320-0667
kelsey.warren@oag.texas.gov

**ATTORNEYS FOR GOVERNOR ABBOTT & ATTORNEY GENERAL PAXTON**