IN THE UNITEDSTATESDISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRYL GEORGE AND<br>DARRESHA GEORGE<br>Plaintiffs, | §<br>§<br>§<br>§ | |
| V. | § | 4:23-cv- 03609 |
| GREGG ABBOTT, et al,<br>Defendants. | §<br>§<br>§ | JURY TRIAL DEMANDED |

**PLAINTIFFS' PARTIAL RESPONSE TO DEFENDANTS
(GREG ABOTT AND KEN PAXTON's) MOTION TO DISMISS
AND PARTIAL MOTION TO DEFER**

Plaintiffs, Darryl George (herein referred to as "George") and Darresha George ("Mom") files this, their response to Defendants' (Greg Abott (herein referred to as Abbott) and Ken Paxton's (herein referred to as Paxton)) motion to dismiss Plaintiffs' claims. Plaintiffs would show unto the Court the following:

I.   **NATURE AND STAGE OF THE PROCEEDING**

Plaintiff, Darryl George sued Abbott and Paxton in the official and individual capacities for the following:

- Disparate Impact Discrimination Based on Race in Violation of Title VI of the Civil Rights Act of 1964 and THE CROWN ACT & Disparate Impact Discrimination Based on Sex in Violation of Title VI of the Civil Rights Act of 1964, 14TH Amendment Equal Protection Clause of the United States Constitution, Title IX of the Education Amendments of 1972, 20 U. S. C. § 200d, and THE CROWN ACT (of Texas);

1

- Freedom of Speech/ Freedom of Expression action under the First Amendment of the United States Constitution;

- Due Process Violation under the 14th Amendment;

- Breach of Fiduciary Duty;

- Harassment;

- Intentional Infliction of Emotional Distress;

- Federal Abridgment of bodily integrity;

- Failure to Intervene/Bystander liability;

- For a declaratory judgment;

- A constitutional challenge to the CROWN ACT; and

- A request for injunctive relief.

Plaintiff, Mom sued Abbott and Paxton for IIED in both his individual and official capacity.

Plaintiffs file their response to the motion to dismiss filed by the Abbott and Paxton.

Plaintiffs move the Court to defer the motion to dismiss as it relates to bystander liability, because discovery is needed to know whether or not bystander liability applies to this case as it relates to Abbott and Paxton.

Plaintiffs move the court to be able to amend their pleadings.

## II.   STANDARD OF REVIEW

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). In

examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute, *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief, *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In considering a Rule 12(b)(6) motion to dismiss a complaint, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court does not look beyond the face of the pleadings in determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* The supporting facts must be plausible—enough to raise a reasonable expectation that discovery will reveal further supporting evidence. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

### III.   **ARGUMENT**

**A.**  Defendants sued in both official and individual capacities.

Sections 16 and 17 of Plaintiff's Third Amended Complaint (herein referred to as PAC) boldly states that Abott and Paxton are being sued in their individual and official capacities, *See* PAC Paragraph 16-17. So, the blanket assertion or statement made by the defense is a misstatement.  With that, plaintiffs want to note that the defendants failed to raise any issues within their motion to dismiss regarding any individual capacity claims (as they relate to Abbott and Paxton).

**B.**  Supervisory liability was pled.

Supervisory liability for implementing unconstitutional policies is a legal theory of a claim. *See Gates*, 537 F.3d at 435.  "A complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer*, 562 U.S. 521, 530, 131 S. Ct. 1289, 179 L. Ed. 2d 233 (2011). Rather, the complaint need only plead facts that "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, *Howard v. City of Houston,* 2022 U.S. Dist. LEXIS 27713, 2022 WL 479940.

**C.**  BYSTANER liability can be pled, was properly pled, and must be examined after opportunity for discovery.

Defendants have admitted that bystander liability applies to more causes of action than excessive force and Section 1983 actions. Bystander liability was initially limited

4

to § 1983 claims involving excessive force. *See Hale*, 45 F.3d at 919. The Fifth Circuit has since clarified that "other constitutional violations also may support a theory of bystander liability." *Whitley*, 726 F.3d at 646 n.11., *Howard v. City of Houston*, 2022 U.S. Dist. LEXIS 27713, *39-40, 2022 WL 479940. The Court in deciding this, never mentioned what actions bystander liability applies to other than the case or cases before it; meaning that the Courts have clearly refused to bright line causes of action in which bystander liability applies, and wants to take a more rational case-by case approach to application of bystander liability a it relates to different claims. Therefore, the true question is whether of not bystander liability applies to these claims, and Plaintiff argues that they do. And, since they apply, we should look to see the elements of bystander liability and apply them to these causes of action. See, the elements of bystander liability themselves are the indicating factor as to whether or not a cause of action applies. To go into detail, federal bystander liability is essentially, bystander liability applies wherever there is a constitutional violation, and a non actor knows or has reason to know of the actor's unconstitutional act, the non-actor has the ability to stop the unconstitutional act, and fails to intervene or stop the unconstitutional act.

*Whitley* does not apply where the act is an ongoing series of acts, or the setting is not your usual scene. In this case, the act is a series of acts whereby George is being punished for his hair. The case at bar does not involve search and seizure issues or a roadside traffic stop. In those cases, the excessive force is an act or some acts that occur at a scene whereby the only way to have stopped it/them was to be there. The same does not go for the case at bar. The scene of this case is different, and the ability for the Defendants to have intervened in the constitutional violation or any attempt to stop the

constitutional violation can occur regardless of physical presence "at the scene." There are and will be cases where physical presence is not required for intervention, and this is one. The question is whether or not physical presence is required…and here, it is not. It is as to compare apples to oranges to compare a section 1983 case (where the act is one of physical aggression and a direct act) to acts intertwined in policy and red tape. So, yes, because the constitutional violation and act itself is not grounded in physicality, but in policy, it is unfair to apply *Whitley*. Furthermore, *Whitley* is specific and says that the presence element only applies to Section 1983 cases, and this is not a Section 1983 case, Whitley, 726 F.3d at 646 n.11. Moreover, discovery must be conducted in order for the Court to address bystander liability. It cannot be taken up in a motion to dismiss because the application of bystander liability has been left open and needs judicial application as it relates to the facts. Bystander liability must be analyzed by the Court to determine whether or not fact issues exist that make it ripe for a jury, or whether or not the facts do not exist. This is more of an issue for summary judgment than a motion to dismiss because the issue goes beyond the pleadings. Whether bystander liability applies is not just a question of law, it contains questions of fact. Therefore, it cannot be addressed in a motion to dismiss, but must be addressed after discovery and in a motion for summary judgment. As such, Plaintiffs request that the Court defer this issue in the motion to dismiss until discovery is conducted with respect to bystander liability (in this case).

**D.** Plaintiffs have standing

Standing is a fact issue as alleged in Defendants' motion to dismiss. First of all, there is clearly an injury within these facts. School officials are terrorizing a young man, who is truly a child, because of a hairstyle that is protected, See PAC, Paragraph 26-41.

Moreover, they are punishing him by putting him in a cold room, feeding him sandwiches and putting him on a hard bench. If that was not bad enough, they put him in DAEP where is currently attending school. They have even threatened to expel him and have stated that this is the next step, See Exhibit 1. No case law is needed to see that this is an injury. Furthermore, discovery is needed in order for it to be proven by way of mental diagnosis. Moreover, Plaintiff Mom has had multiple hospitalizations due to the stress that has been caused due to her son's punishment at school, the emotional toll it it takes on George as well as the constant harassment she endures, *See* PAC, Paragraph 27. George cries a lot, and does not sleep well at this point. They both sue for IIED. That is an injury. You have to have a lack of compassion for humankind to say that both or either Plaintiff has not suffered an injury and does not stand to suffer an injury. George has suffered tremendously, and continues to suffer with his grades being effected, him not being able to get instruction normally, and hi not being able to partake in any school activities or functions, *See* PAC, Paragraphs 17 and 54. In addition, the injury is clearly tied to the inaction and refusal to act of these Defendants who have a duty to enforce the laws of this state and to police the sub agencies of this state*, See* PAC, Paragraph 11, 41, and PAC Exhibit 1.These Defendants have clearly been put on notice of BHISD and the other Defendant's acts and they sit idly by, doing nothing and allowing a clear state law to be broken by a school, which is a sub-arm of the government. The injury will be and can be addressed by an injunction because the injunction will force them to refrain from allowing the punishment of students who are a protected class, from discrimination (direct and indirect), due process violations, and from being mistreated where there is a State law that says schools cannot have these types of dress and grooming codes. In fact,

7

the CROWN ACT directs the school to change any dress and grooming codes that are not in compliance, *See* PAC Exhibit 4 and Paragraphs 24, 39 and 55. The Texas Education Code, although narrow, contains provisions that direct the Defendants to enforce the laws and allows for civil penalty. In addition, Plaintiff has pled multiple violations of TEC Section 37.023 violations, See PAC. Moreover, the injunction will forbid this conduct and will order and direct the Defendants to uphold the law (which they should be doing absent a court order anyhow).

## CONCLUSION

Plaintiff has proffered proper claims against Abbott and Paxton thus, the lawsuit is properly pled against them. These Defendants shall not reap the benefit of automatic dismissal.

    Plaintiff prays that Defendant's 12(b)(6) Motion to Dismiss is denied.

    Plaintiff prays that discovery is allowed in an effort for Plaintiffs to fully respond to the motion to dismiss.

    Plaintiff prays for all relief herein requested.

    Plaintiff prays for general relief.

Respectfully submitted,<br>
THE BOOKER LAW FIRM<br>
<u>*/S/Allie R. Booker*</u><br>
*ALLIE* R. BOOKER<br>
Federal Bar No. 1089873

1200 Rothwell<br>
Houston, Texas 77002<br>
(713) 292-2225 office<br>
(713) 583-3999 facsimile<br>
booker@bookerlawfirm.com<br>
ATTORNEY FOR PLAINTIFFS,<br>
DARRY GEORGE AND DARRESHA GEORGE

### NOTICE OF ELECTRONIC FILING

I, **Allie Booker**, do hereby certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the Electronic Case Files System of the United States District Court for the Southern District of Texas, Galveston Division, on 12/4/2023.

*/s/* Allie R. Booker
**ALLIE R. BOOKER**
Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I, **Allie R. Booker**, certify that a true and correct copy of the forgoing was served on all counsel and parties of record by electronic service through the Electronic Case Files System, on December 4, 2023.

*/s/* Allie R. Booker
**ALLIE R. BOOKER**
Attorney for Plaintiffs

9