IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DARRYL GEORGE & DARRESHA GEORGE,<br>　　*Plaintiffs*,<br><br>v.<br><br>GREG ABBOTT, KEN PAXTON, BARBER'S HILL INDEPENDENT SCHOOL DISTRICT, GREG POOLE, LANCE MURPHY, AND RYAN RODRIGUEZ,<br>　　*Defendants*. | §<br>§<br>§<br>§<br>§<br>§　CIVIL ACTION NO. 4:23-cv-03609<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**DEFENDANTS ABBOTT AND PAXTON'S
MOTION TO STAY DISCOVERY**

TO THE HONORABLE JUDGE CHARLES ESKRIDGE:

NOW COME Defendants, Governor Greg Abbott and Attorney General Ken Paxton, (collectively "the State Defendants") by and through the undersigned Assistant Attorney General, and file this Motion to Stay Discovery, and would respectfully show the Court as follows:

**I.
INTRODUCTION**

Plaintiffs Darryl George and Darresha George, (collectively, "Plaintiffs") filed their Third Amended Complaint, Request for Declaratory Judgment, Request for a Temporary Restraining Order, and Permanent Injunction against Greg Abbott and Ken Paxton, in their official capacities as the Governor of the State of Texas and Attorney General for the State of Texas, respectively, and in their individual capacities. ECF No. 16 ¶¶ 16-17.

The State Defendants filed an Motion to Dismiss, identifying the threshold matters of Eleventh Amendment Immunity, lack of subject-matter jurisdiction, and failure to state a claim upon which Plaintiffs may obtain relief from this Court.

The State Defendants now ask this Court to issue a Stay of Discovery and all related proceedings which would occur pursuant to FED. R. CIV. P. 16 and 26 until the threshold matters raised in their Motion to Dismiss are ruled upon by this Court.

## II.
## MOTION TO STAY

Pursuant to FED. R. CIV. P. 26(c), the State Defendants request that this Court stay all discovery in this lawsuit pending the resolution of threshold issues of immunity. The law does not allow the State Defendants, or any state agencies or officials, to be forced into the discovery process when Plaintiffs cannot overcome Eleventh Amendment Immunity or Qualified Immunity to suit.

The defenses of Eleventh Amendment Immunity and Qualified Immunity provide immunity from suit, not merely from liability. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974); *see also Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1994) (holding that absolute immunity is immunity from suit rather than simply a defense against liability).

As such, the burden of enduring suit, or even the discovery process is very high as a matter of law. *See generally Mitchell*, 472 U.S. 511 (1985). The Supreme Court has noted the importance of such protection of government time and witnesses in the context of qualified immunity. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (holding the basic thrust of the qualified-immunity doctrine is to free State officials from the concerns of litigation, including avoidance of disruptive discovery).

Stays of discovery pending review of immunity questions are proper and necessary. *See, e.g., Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368 (5th Cir.1987); *Petrus v. Bowen*, 833 F.2d 581, 582 (5th Cir. 1987). In *Petrus*, the plaintiff filed suit against defendants who responded with a Motion to Dismiss pursuant to Rule 12(b)(1) and 12(b)(6). In affirming the trial court's decision to stay discovery until the Motion to Dismiss was ruled upon, the Fifth Circuit noted:

> Nothing that Petrus could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion. We hold that the district court properly deferred discovery while deciding whether the defendants were proper parties to the action.

*Petrus*, 833 F.2d at 581.

The State Defendants are immune from Plaintiffs' suit in both their official and individual capacities. As such, the State Defendants assert the right to avoid the burden of discovery. Further, Plaintiffs have not met any burden of proof to divest the State Defendants of immunity from suit.

Several additional factors favor staying the case. With respect to the merits of Plaintiffs' claims, there is no prejudice to Plaintiffs if the requested stay is granted. As with the *Petrus* case, allowing Plaintiffs to conduct discovery will not provide Plaintiffs any response to the immunity of the State Defendants, nor will it provide standing, or cure Plaintiffs' failure to plead legally cognizable claims against the State Defendants.

Conversely, the burden on the State Defendants of proceeding in this lawsuit is considerable. The State Defendants maintain that they are immune from Plaintiffs' lawsuit. General Abbott and Governor Paxton must continue to perform the duties of their respective offices as this case progresses. Discovery in this case would unduly burden the State Defendants by forcing them to endure needless discovery prior to the resolution of threshold immunity issues that have been raised.

If the Court grants the State Defendants' Motion to Dismiss, the staying of discovery will operate to convenience of the Court. If this Motion is ultimately granted, the needless procedures involved with the conducting of contested discovery will provide an unnecessary inconvenience to the Court.

Considering the defects of the action Plaintiffs seek to bring against the State Defendants, there is no harm to non-parties if the Court addresses the threshold jurisdictional matters prior to requiring the exchange of discovery. There is no advantage to the public interest in proceeding at this point. It cannot be in the interest of the public to have the Court and the State Defendants proceed with needless discovery in pursuit of litigation which is fatally flawed by threshold immunity issues.

When considering a case such as this, "the trial court must exercise its discretion in a way that protects the substance of the qualified immunity defense" and "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery or trial proceedings." *See Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998); *see also Mitchell*, at 526; and *Iqbal*, 129 S. Ct. at 1953.

Because the staying of discovery and related proceedings is appropriate in this circumstance, discovery should be stayed as discussed *supra*, until such a time as this Court rules on the State Defendants' Motions to Dismiss.

## III.
## CONCLUSION

The law allows the staying of discovery and related proceedings while threshold immunity issues are addressed. The instant case is obviously an appropriate one for staying of discovery.

As there are no advantages to proceeding with discovery, and the State Defendants have identified serious disadvantages with respect to the Court, the general public, and the State

Defendants in proceeding, Governor Abbott and General Paxton respectfully request that this Court to stay all proceedings with respect to the conducting of discovery until their Motion to Dismiss has been ruled on by this Court.

        Respectfully submitted,

        **KEN PAXTON**
        Attorney General of Texas

        **BRENT WEBSTER**
        First Assistant Attorney General

        **GRANT DORFMAN**
        Deputy First Assistant Attorney General

        **JAMES LLOYD**
        Deputy Attorney General for Civil Litigation

        **KIMBERLY GDULA**
        Division Chief, General Litigation Division

        */s/ Kelsey L. Warren*
        **KELSEY L. WARREN**
        ASSISTANT ATTORNEY GENERAL
        Attorney-in-charge
        Texas Bar No. 24095736
        Southern District ID No. 3050512
        Office of the Attorney General
        General Litigation Division
        P.O. Box 12548, Capitol Station
        Austin, Texas 78711-2548
        (512) 463-2120 | Fax: (512) 320-0667
        kelsey.warren@oag.texas.gov

        **ATTORNEYS FOR GOVERNOR ABBOTT & ATTORNEY GENERAL PAXTON**

### CERTIFICATE OF WORD COUNT

I hereby certify, this document complies with the word limit of the Hon. Charles R. Eskrige's Court Procedure Rule 18(c). Excluding the parts of the document that are exempted, this document contains 1038 words.

*/s/ Kelsey L. Warren*
**Kelsey L. Warren**
Assistant Attorney General

### CERTIFICATE OF CONFERENCE

I hereby certify that on December 11, 2023, I conferred with Plaintiffs' and BHISD's counsel via email correspondence regarding the relief requested in this Motion for Stay of Discovery. BHISD Defendants are unopposed to this Motion for Stay of Discovery. Plaintiffs' counsel has not advised undersigned counsel on her position as of the filing of this Motion. Based on Plaintiffs' representations in the Joint Discovery Case Management Plan, it is assumed that Plaintiffs' are opposed to the State Defendants' Motion for Stay of Discovery.

*/s/ Kelsey L. Warren*
**Kelsey L. Warren**
Assistant Attorney General

### CERTIFICATE OF SERVICE

I certify that that on December 11, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/ Kelsey L. Warren*
**KELSEY L. WARREN**
ASSISTANT ATTORNEY GENERAL