United States District Court
Southern District of Texas
**ENTERED**
January 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DARRESHA GEORGE and DARRYL GEORGE, Plaintiffs, | § § § § § | CIVIL ACTION NO 4:23-cv-03609 |
| vs. | § § § | JUDGE CHARLES ESKRIDGE |
| GREG ABBOTT, *et al,* Defendants. | § § § | |

OPINION AND ORDER
ON TRANSFER OF VENUE

The motion by Plaintiffs Darresha George and Darryl George to consolidate this action with another action pending in the Houston Division of the Southern District of Texas is denied. Dkt 17.

The motion by Defendants Barbers Hill Independent School District, Lance Murphy, Greg Poole, and Ryan Rodriguez to transfer venue of this action to the Galveston Division of the Southern District of Texas is granted. Dkt 13.

1. Background

Darryl George is a student at Barbers Hill High School, which is located in Mont Belvieu, Texas. Dkt 16 at 3. Plaintiffs allege that he "has worn his natural hair in locs as an outward expression of his Black identity and culture for several years now" and "has not cut his hair since the time the locs began to form." Id at 10. They also allege that, because of this, BHISD employees "disciplined" him "repeatedly and non-stop since August 31, 2023." Id at 8. This allegedly includes BHISD employees giving Darryl George only a sandwich and water (despite his qualifica-

tion for a free hot lunch) and denying him access to educational instruction by placing him in in-school-suspension. This "hazing" also allegedly caused his mother, Darresha George, to experience distress and health problems. Ibid.

Related actions are now pending in this regard.

On September 20, 2023, BHISD sued Darresha George and Darryl George for declaratory relief in state court in Chambers County, seeking a declaration that the district's dress code doesn't violate a new provision of Texas law called the CROWN Act, Tex Educ Code § 25.902, that bans race-based hair discrimination in Texas schools and certain other places. See *George v Barbers Hill Independent School District*, No 4:23-cv-03681, at Dkt 1. In response, Plaintiffs filed counterclaims under federal law and then removed the action to the Houston Division of the Southern District of Texas on September 29th. That action was assigned to Judge George Hanks. Pending before him is a motion by BHISD to remand the case upon assertion that federal counterclaims don't create federal jurisdiction. See Dkt 10, No 4:23-cv-03681. That motion is fully briefed for decision.

On September 23, 2023, while the above case was still pending in state court, Plaintiffs filed this action in the Houston Division of the Southern District of Texas. Dkt 1. As originally pleaded, they brought claims against Texas Governor Greg Abbott and Texas Attorney General Ken Paxton, alleging violations of their rights under Section 1983, Title VI, Title IX, and state law. Dkts 1 & 16 at 16. They have since amended their complaint several times. The first amendment added BHISD, Poole, Murphy, and Rodriguez, alleging the same causes of action, while also asserting state and federal claims of race and sex discrimination, violations of the First Amendment, and intentional infliction of emotional distress. Dkt 2. The second amendment added additional facts concerning other alleged conduct by BHISD. Dkt 15 at 10–11. The third amendment added allegations of record withholding by BHISD. Dkt 16 at 11. The fourth amendment was recently

2

granted and will add additional claims regarding the CROWN Act. See Dkts 31, 32 & 39.

Pending is a motion by the BHISD Defendants to transfer the case to the Galveston Division of the Southern District of Texas. They assert that Barbers Hill High School sits in Chambers County, which is in the Galveston Division. Dkt 13 at 4. Plaintiffs oppose transfer. Dkt 21. Defendants Abbott and Paxton have taken no position.

Also pending is a motion by Plaintiffs to consolidate the current case with *George v Barbers Hill Independent School District*, No 4:23-cv-03681, another action which is also currently before Judge Hanks. Dkt 17. That motion will be addressed first.

### 2. Motion to consolidate

Rule 42(a) allows a trial court to consolidate multiple actions "if the actions involve common questions of law or fact." *Frazier v Garrison ISD,* 980 F2d 1514, 1531 (5th Cir 1993). This confers broad discretion. Id at 1532. In general, consolidation is appropriate where it would "expedite trial and eliminate unnecessary repetition and confusion." *Morrison v Amway Corp*, 186 FRD 401, 402 (SD Tex 1998), citing *Miller v United States Postal Service,* 729 F2d 1033, 1036 (5th Cir 1984).

Among the factors identified by the Fifth Circuit that potentially establish that consolidation is appropriate are at least (i) the cases involve a common party; (ii) the cases involve common issues of law; (iii) the cases involve common issues of fact; (iv) there is little or no risk of prejudice; (v) there is little or no risk of inconsistent adjudications; (vi) consolidation will conserve judicial resources; and (vii) consolidation will reduce the expense. *Frazier*, 980 F2d at 1531–32; see also *Certified/LVI Environmental Services, Inc v PI Construction Corporation*, 2003 WL 1798542, *2 (WD Tex) (construing *Frazier*).

The motion by Plaintiffs is only two paragraphs. It references, without specification, "common questions of law or fact," "convenience," and conservation of judicial resources. Dkt 17 at 1–2. The insufficiency of argument

fails to meet the burden on Plaintiffs as the moving parties. The motion will be, on that basis, denied.

Beyond that, it's clear that the actions aren't suited to consolidation. The action before Judge Hanks was removed on what BHISD suggests is a tenuous jurisdictional basis, with remand likely. No 4:23-cv-03681, Dkt 10 at 10–15. The risk of prejudice or confusion is thus apparent.

    3.   Motion to transfer venue

Section 1404(a) of Title 28 of the United States Code provides that district courts may transfer an action for the "convenience of parties and witnesses" and "in the interest of justice" to any other district "where it might have been brought." This potential for transfer serves to prevent a potentially unfair imposition of burden on defendants when plaintiffs exercise their privilege under Section 1391 to select venue in the first instance. See *In re Volkswagen of America, Inc,* 545 F3d 304, 313 (5th Cir 2008) (*Volkswagen II*).

When considering a motion to transfer, the initial question is whether the action "might have been brought" in the alternative venue. Id at 312. If it could, the district court then determines whether transfer serves the convenience of parties and witnesses and is in the interests of justice. *In re Volkswagen AG*, 371 F3d 201, 203 (5th Cir 2004) (*Volkswagen I*). This balance considers a range of private and public factors, with none having dispositive weight. *Volkswagen II*, 545 F3d at 315, citing *Gulf Oil Corp v Gilbert,* 330 US 501 (1947); see also *Volkswagen I*, 371 F3d at 203.

The items of private-interest consideration are:
- The relative ease of access to sources of proof;
- The availability of compulsory process to secure the attendance of witnesses;
- The cost of attendance for willing witnesses; and
- All other practical problems that make trial of a case easy, expeditious, and inexpensive.

*In re Planned Parenthood Federation of America, Inc,* 52 F4th 625, 630 (5th Cir 2022), citing *In re Volkswagen,* 545 F3d at 315.

The items of public-interest consideration are:
- o The administrative difficulties flowing from court congestion;
- o The local interest in having localized interests decided at home;
- o The familiarity of the forum with the law that will govern the case; and
- o The avoidance of unnecessary problems of conflict of laws or the application of foreign law.

Ibid.

Whether to order transfer is ultimately within a district court's "broad discretion." *Volkswagen II*, 545 F3d at 311 (quotations omitted). To justify transfer, the movant must demonstrate that its preferred venue is "clearly more convenient than the venue chosen by the plaintiff." Id at 315. This burden on the movant "adequately accounts for a plaintiff's choice of forum," to which the venue-transfer analysis doesn't otherwise accord any special deference. *Ayala v Waste Management of Arizona, Inc,* 2019 WL 2085106, *3 (SD Tex) (citations omitted).

On balance, the private and public considerations favor transfer to the Galveston Division.

*The relative ease of access to sources of proof* weighs in favor of transfer. Chambers County sits in the Galveston Division of the Southern District. Plaintiffs are residents of Chambers County, and most (if not all) of the alleged conduct taken against Darryl George occurred at Barbers Hill High School. Dkt 31 at 6–13. The BHISD employees sued by Plaintiff work and reside in Chambers County, and the relevant documentary evidence is kept by BHISD. Dkt 13 at 4; Dkt 31 at 8–9. Indeed, the BHISD Defendants claim that "*none* of the sources of proof are located within the Houston Division." Dkt 13 at 6 (emphasis original). Plaintiffs provide no argument to the contrary. See Dkt 21. Convenient access to witnesses, records, and other

pertinent evidence thus point to the Galveston Division as the proper forum.

*The availability of compulsory process to secure the attendance of witnesses* is neutral towards transfer. See Dkts 13 & 21.

*The cost of attendance for willing witnesses* weighs in favor of transfer. Plaintiffs' complaint identifies school and district employees as perpetrators of unlawful acts against Darryl George and his mother. Dkt 31 at 8. As the BHISD Defendants establish, many of these "nonparty witnesses work and probably live in the Galveston Division," since they are presumably employed by BHISD. Dkt 13 at 6.

*All other practical problems that make trial of a case easy, expeditious, and inexpensive* weigh in favor of transfer to the Galveston Division. Any trial will most conveniently and efficiently proceed there because most or all of the evidence and witnesses are located in Chambers County.

*The administrative difficulties flowing from court congestion* weighs in favor of transfer. The Galveston Division is, on the whole, less congested than the Houston Division. Beyond that, Defendants argue, "If any administrative difficulties arise from this litigation, such difficulties should be shouldered by the venue possessing a vested interest in the controversy." Id at 8. The Galveston Division is that venue.

*The local interest in having localized interests decided at home* weighs in favor of transfer. Indeed, the BHISD Defendants argue that Barbers Hill High School is a "central pillar" of the community, much like any local public school. Id at 7. Locals in the community plainly have an interest in deciding whether their school district has complied with the law.

*The familiarity of the forum with the law that will govern the case and the expertise of the particular court* is perhaps the only close question, but it doesn't weigh against transfer. Defendants argue that this factor is neutral to transfer. Id at 8. This is of course true, because, broadly stated, the judges of the Galveston and Houston

6

Divisions are equally able to discern and apply the pertinent law.

But Plaintiffs disagree, citing the entirely separate case also pending before Judge George Hanks in *Arnold et al v Barbers Hill Independent School District et al*, 4:20-cv-01802. That action is brought by other school children against BHISD that assertedly "arose from the same circumstances" as the current case and is "almost identical." Dkt 21 at 5 (emphasis removed). Plaintiffs argue that "findings and rulings of a substantial nature have been made" in that action. Ibid. Plaintiffs also suggest that the conservation of judicial resources and the diminished likelihood of inconsistent results caution against transfer. Id at 7–8.

Such argument might have potential resonance if this action were appropriate to consolidation with the removed action before Judge Hanks. But it isn't, for reasons stated above. And so the persuasive or preclusive effect of any rulings in the *Arnold* action remains the same whether this action pends here or in the Galveston Division. In any event, this action and that in *Arnold* are meaningfully distinct. Sued here are Greg Abbott and Ken Paxton, who aren't defendants in *Arnold*. And this action includes claims under the CROWN Act, which wasn't in force during the relevant time period in *Arnold*. Dkt 16 at 1–2. Such differences undermine contention about these cases being "almost identical." Dkt 21 at 5.

*The avoidance of unnecessary problems of conflict of laws or the application of foreign law* is neutral towards transfer. See Dkts 13 & 21.

The balance of the relevant private and public factors weighs in favor of transfer of the case to the Galveston Division of the Southern District of Texas. This action will thus be transferred to the Galveston Division.

   4. Conclusion

The motion by Plaintiffs Darresha George and Darryl George to consolidate this action with another action

7

pending in the Houston Division of the Southern District of Texas is DENIED. Dkt 17.

The motion by Defendants Barbers Hill Independent School District, Lance Murphy, Greg Poole, and Ryan Rodriguez to transfer venue of this action to the Galveston Division of the Southern District of Texas is GRANTED. Dkt 13.

This action is hereby TRANSFERRED to the Galveston Division.

SO ORDERED.

Signed on January 8, 2024, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge